UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23115-Civ-GRAHAM/TORRES

ALIANZA CORP.,

      Plaintiff,

v.

SUPERIOR FLORALS, INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion for Entry of a Final Judgment [D.E. 13] after payment default under the parties' settlement agreement. The Court dismissed this case with prejudice, while retaining jurisdiction to enforce the terms of the parties' agreement. Following the filing of the motion, which was referred to the undersigned for disposition, and after a timely response was never filed by Defendant, this Court issued an Order on August 2, 2010 [D.E. 16] that provided Defendant with additional time to respond in opposition, but also notifying Defendant that the motion would be granted in its entirety if a response was not filed by August 9, 2010. Defendant has to date not responded to the motion or to the Court's Order. Accordingly, the pending motion is ripe for disposition and should be granted.

      1.    Plaintiff and Defendant amicably resolved and settled this case on the terms and conditions of their December 22, 2009 Settlement Agreement. [D.E. 13, Exhibit 1]. Thereafter, Plaintiff and Defendant jointly moved for entry of a Final

Order of Dismissal After Settlement [D.E. 9]. On January 6, 2010, the Court entered its Order dismissing the action with prejudice, but the Court "retain[ed] jurisdiction for one hundred eighty (180) days to enforce the terms of the settlement agreement." [D.E. 10.].

2.   The pending motion argues that Defendant has now breached the Settlement Agreement by failing to pay Plaintiff the sum of $21,719.61 on or before 4:00 o'clock PM on June 30, 2010. The Settlement Agreement provides that "time [is] of the essence" in connection with the deadline to make settlement payments.

3.   On July 1, 2010, Plaintiff gave written notice of the payment default to counsel for Defendant. Pursuant to the Settlement Agreement, Defendant then had 10 days to cure its payment default. Because the Court's jurisdiction to enforce the Settlement Agreement was set to expire before Defendant's cure period for a payment default expired under the Settlement Agreement, on July 2, 2010, Plaintiff filed a Motion to Extend the Jurisdictional Deadline to enforce the parties Settlement Agreement to and including July 22, 2010. The Court then granted that motion on July 6, 2010. [D.E. 12].

4.   As of the date of the motion, and to date, Defendant failed to cure its payment default and has breached the agreement. The record evidence shows that, based upon that breach, Plaintiff is now entitled to entry of a Final Judgment against Defendant. The principal amount of the parties' settlement was $157,077.98, plus pre-judgment interest at the rate of 8% per annum from October 18, 2009, less any settlement payments actually received by Plaintiff on account (the "Damage Calculation Formula"). Pursuant to the Judgment Calculation Formula, the record

now shows that Plaintiff is entitled to a Final Judgment against Defendant in the amount of $47,205.80.

5. The parties' Settlement Agreement is a contract and, as such, its enforcement is determined by general contract law. *See Robbie v. City of Miami,* 469 So. 2d 1384 (Fla. 1985). The words in the Settlement Agreement are to be given their plain and ordinary meaning, and it is not for the Court to add or subtract any language from the face of a clearly worded agreement. *See Robin v. Sun Oil Co.,* 548 F.2d 554, 557 (5th Cir.1977). Nor is the Court to add to a settlement terms that were not contemplated by the parties. *See Florida Education Ass'n, Inc. v. Atkinson,* 481 F.2d 662, 663 (5th Cir.1973).

6. On this record, the Court should enforce the Settlement Agreement in accordance with its terms. Defendant breached the Settlement Agreement by failing to timely make the June 30, 2010 Settlement Payment. With respect to the timing of payments, the Settlement Agreement provides that time is "of the essence." Defendant failed to cure its payment default by July 12, 2010, after timely notice of Defendant's payment default was received. Paragraph 2 of the Settlement Agreement provides that Defendant is therefore entitled to entry of a final judgment against Defendant in the amount of $47,205.80. This Damage Calculation Formula includes all of the amounts Plaintiff is entitled to recover from Defendant pursuant to the express terms of the parties' Settlement Agreement.

7. Moreover, apart from the record evidence supporting the entry of judgment on the motion, procedurally the motion is due to be granted under S.D. Fla.

Local R. 7.1 as a timely response in opposition has not been filed. The motion may thus also be granted by default.

Accordingly, for both these reasons, the Court hereby recommends that Final Judgment on Default be entered in favor of Plaintiff Alianza Corp. and against Defendant Superior Florals, Inc., in the amount of $47,205.80.

Pursuant to Local Magistrate Rule 4(b), unless otherwise ordered, the parties ordinarily have fourteen days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Judge. The Court finds good cause in this case to expedite the objection period given the Defendant's default and failure to comply with this Court's Order. Accordingly, Defendant must file any objections to this Report and Recommendation within **five business days** from this date. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge